Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK STOYAS, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>TOSHIBA CORPORATION, NORIO SASAKI, AND HISAO TANAKA,<br><br>        Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Mark Stoyas ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against Defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendants' public documents, announcements made by Defendants, wire and press releases published by and regarding Toshiba Corporation ("Toshiba" or the "Company"), securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**NATURE OF THE ACTION**

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Toshiba securities between May 8, 2012 and May 7, 2015, inclusive, (the "Class Period") seeking to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2. During the Class Period, Defendants issued materially false and misleading statements and omitted to state material facts that rendered their affirmative statements misleading as they related to the Company's financial performance, business prospects, and true financial condition.

**JURISDICTION AND VENUE**

3. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act (15 U.S.C. § 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

4. This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

5. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b) as Toshiba conducts business within this district.

6. In connection with the acts, conduct, and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

**PARTIES**

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

7.    Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Toshiba securities at artificially inflated prices during the Class Period and has been damaged thereby.

8.    Defendant Toshiba is a Japanese corporation that engages in the research and development, manufacture, and sale of electronic and energy products worldwide. Toshiba American Depository Shares ("ADS") are actively traded on the OTC Pink marketplace ("OTC Pink") under the ticker "TOSYY" and Toshiba ordinary shares are actively traded on the OTC Pink under the ticker "TOSBF."

9.    Defendant Noro Sasaki ("Sasaki) was the Company's Chief Executive Officer at all relevant times until June 2013.

10.    Defendant Hisao Tanaka ("Tanaka") has been the Company's Chief Executive Officer since June 2013.

11.    Sasaki and Tanaka are collectively referred to herein as the "Individual Defendants."

12.    Toshiba, Sasaki and Tanaka are herein referred to collectively as "Defendants."

13.    During the Class Period, each of the Individual Defendants, as senior executive officers, agents, and/or directors of Toshiba and its subsidiaries and affiliates, was privy to non-public information concerning the Company's business, finances, products, markets, and present and future business prospects, via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof, and via reports and other information provided to them in connection therewith.  Because of their possession of such information, the Individual Defendants knew or recklessly disregarded the fact that adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public.

14.    The Individual Defendants participated in the drafting, preparation, and/or approval of the various public, shareholder, and investor reports and other

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

communications complained of herein and were aware of, or recklessly disregarded, the misstatements contained therein and omissions therefrom, and were aware of their materially false and misleading nature.  Because of their Board membership and/or executive and managerial positions with Toshiba, each of the Individual Defendants had access to the adverse undisclosed information about Toshiba's financial condition and performance as particularized herein and knew (or recklessly disregarded) that these adverse facts rendered the positive representations made by or about Toshiba and its business issued or adopted by the Company materially false and misleading.

**SUBSTANTIVE ALLEGATIONS**

15.    The Class Period begins on May 8, 2012 when Toshiba issued a press release announcing its financial results for fiscal year 2011. The press release provided the following overview of its financial results for fiscal year 2011:

## Consolidated Results for FY2011

(Yen in billions)

|  | FY2011 | Change from FY2010 |
|---|---|---|
| Net sales | 6,100.3 | -298.2 |
| Operating income (loss) | 206.6 | -33.7 |
| Income (Loss) from continuing operations, before income taxes and noncontrolling interests | 152.4 | -43.1 |
| Net income (loss) attributable to shareholders of the Company [1] | 73.7 | -64.1 |

[1] "The Company" refers to Toshiba Corporation.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

16.     On May 8, 2013, Toshiba issued a press release announcing its financial results for fiscal year 2012. The press release provided the following overview of its financial results for fiscal year 2012:

## Consolidated Results for FY2012

(Yen in billions)

|  | FY2012 | Change from FY2011 |
|---|---|---|
| Net sales | 5,800.3 | -300.0 |
| Operating income (loss) | 194.3 | -8.4 |
| Income (Loss) from continuing operations, before income taxes and noncontrolling interests | 155.6 | 10.0 |
| Net income (loss) attributable to shareholders of the Company [1] | 77.5 | 7.4 |

[1] "The Company" refers to Toshiba Corporation.

17.     On May 8, 2014, Toshiba issued a press release announcing its financial results for fiscal year 2013. The press release provided the following overview of its financial results for fiscal year 2013:

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

## Consolidated Results for FY2013

(Yen in billions)

|  | FY2013 | Change from FY2012 |
|---|---|---|
| Net sales | 6,502.5 | +775.5 |
| Operating income (loss) | 290.8 | +93.1 |
| Income (Loss) from continuing operations, before income taxes and noncontrolling interests | 180.9 | +21.3 |
| Net income (loss) attributable to shareholders of the Company [1] | 50.8 | -26.6 |

[1] "The Company" refers to Toshiba Corporation.

18.    The statements referenced in ¶¶15-17 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts, which were known to Defendants or recklessly disregarded by them, including that: (1) the total amounts of contract costs for certain infrastructure projects were underestimated; (2) the timing in which such contract losses and provisions for contract losses were recorded was improper; and (3) as a result of the foregoing, Toshiba's public statements were materially false and misleading at all relevant times.

### THE TRUTH EMERGES

19.    On April 3, 2015, Toshiba issued a press release announcing the establishment of a special investigation committee concerning the accounting of certain infrastructure projects. The press releases stated in part:

**Notice regarding establishment of Special Investigation Committee**

- 6 -

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

*Toshiba Corporation (the "Company") hereby notifies that a matter requiring investigation has come to the Company's attention regarding the percentage-of-completion method of accounting used by the Company in fiscal 2013 (as a non-consolidated entity) in relation to certain infrastructure projects undertaken by the Company.* Taking this matter seriously, the Company has decided to immediately establish a Special Investigation Committee (whose members include experts from outside the Toshiba Group) (the "Committee") as set out below, in order to conduct an internal investigation into this matter.

(Emphasis added).

20.   On this adverse news, shares of TOSYY fell $1.23 per share or over 4% from its previous closing price to close at $24.56 per share on April 6, 2015 and shares of TOSBF fell $0.16 per share or over 3% from its previous closing price to close at $4.13 per share on April 6, 2015, damaging investors.

21.   On May 8, 2015, Toshiba issued a press release announcing the establishment of an independent investigation committee concerning the accounting of certain infrastructure projects and the possible revision of earnings for prior years. The press release stated in part:

**Notice regarding establishment of Independent Investigation Committee**

Toshiba Corporation (the "Company") hereby notifies that at a meeting of the Board of Directors held today it was decided to establish an Independent Investigation Committee as follows.

1. Reason for establishing an Independent Investigation Committee

As announced by the Company in its press release dated April 3, 2015 titled "Notice regarding establishment of Special Investigation Committee," the Company established a Special Investigation Committee chaired by the Chairman of the Board of Directors and whose members include outside experts, and has conducted an internal investigation of the relevant matter and examined the appropriateness of

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

the percentage-of-completion method of accounting used for projects undertaken by the Company.

***In the course of the investigation by the Special Investigation Committee to date, instances have been identified in some infrastructure-related projects in which the percentage-of-completion method of accounting was used, wherein the total amount of contract cost was underestimated and contract losses (including provisions for contract loss) were not recorded in a timely manner.*** Instances have also been identified other than in projects in which the percentage-of-completion method of accounting was used that require further investigation. As a result, it is expected that more time will be required in order to conduct a detailed investigation into the facts and to identify the causes.

In light of this situation, and in order to further enhance the confidence of stakeholders in the results of the investigation, the Company has decided to change the framework of the investigation from one conducted by the current Special Investigation Committee to one conducted by an Independent Investigation Committee that conforms to the guideline prescribed by the Japan Federation of Bar Associations by being composed solely of fair and impartial outside experts who do not have any interests in the Company.

The members of the Independent Investigation Committee are currently being selected from among experts in the fields of law and accounting, based on the recommendations of the outside members of the Special Investigation Committee, and the Company plans to promptly disclose the composition of the Independent Investigation Committee once the selection process has concluded.

The Company will also discuss with the Independent Investigation Committee to be established about the handover of the results of the investigation by the Special Investigation Committee to date and the necessity of the Special Investigation Committee's future activity.

2. Purpose of the establishing the Independent Investigation Committee
It is planned to entrust the Independent Investigation Committee with tasks such as investigating the appropriateness of accounting, identifying the causes, and making recommendations about preventive measures,

- 8 -
CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

but the specific scope and other matters relating to the investigation will be determined based on discussions with the committee members to be selected, and the Company will announce these details once they have been determined.

3. Schedule and outlook
The Company and each subsidiary constituting the Toshiba Group will provide its full cooperation to the investigation by the Independent Investigation Committee. The schedule for the investigation by the Independent Investigation Committee will be announced once it has been determined.

***Please note that, based on the results of the investigation by the Special Investigation Committee to date, there has emerged a possibility that past financial results for fiscal 2013 or earlier may be corrected, and the Company is currently also ascertaining the amount of the impact on the financial results for fiscal 2014.*** The Company expects to announce its financial results in or after June 2015. The Company will also announce the date of the shareholders' meeting as soon as it has been set.

The Company expresses its most sincere apologies to our shareholders, investors, and all other stakeholders for any concern or inconvenience caused on this occasion, and will make its best efforts to restore your trust. Thank you for your ongoing support.

(Emphasis added).

22.     On this adverse news, shares of TOSYY fell $5.75 per share or over 23% over the next two days to close at $18.33 per share on May 11, 2015 and shares of TOSBF fell $0.88 per share or over 22% over the next two days to close at $3.09 per share on May 11, 2015, damaging investors.

23.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**POST CLASS PERIOD DISCLOSURES**

- 9 -

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

24.    On May 13, 2015, Toshiba issued a press announcing the currently expected amount of correction of past financial results. The press release stated in part:

**Currently expected amount of correction of past financial results and supplementary explanation regarding Independent Investigation Committee**

Toshiba Corporation (the "Company") hereby provides further information in regard to its announcement dated May 8, 2015 titled "Notice regarding establishment of Independent Investigation Committee" as follows.

1. Currently expected amount of correction of past financial results
*The Company currently expects that it will be required to correct its past financial results in the amount of negative 50 billion yen or more (on an operating income basis) over the cumulative period from fiscal 2011 to fiscal 2013, based on the investigation conducted to date by the Special Investigation Committee in relation to certain infrastructure projects in which the percentage-of-completion method of accounting was used and that were undertaken by the Company (as a non-consolidated entity) through three of its in-house companies (the Power Systems Company, the Social Infrastructure Systems Company, and the Community Solutions Company). The correction amount pertains to underestimations of the total amounts of contract cost for such projects, and the timing in which contract losses (provisions) were recorded in connection therewith.*

Please note, however, that this is only the current expected amount and that the Special Investigation Committee has not reached a final conclusion, and please also note that there is a possibility that the amount of correction pertaining to projects in which the percentage-of-completion method of accounting was used as determined by the Independent Investigation Committee (which is to be newly established) may differ.

2. Background to and reasons for the Independent Investigation Committee

- 10 -

In the course of the investigation conducted by the Special Investigation Committee to date, matters have been identified requiring further investigation in addition to projects in which the percentage-of-completion method of accounting was used. Specifically, the matters requiring further investigation include matters such as the appropriateness of the timing and amount of provisions for loss that have been recorded, the appropriateness of the timing of the recording of operating expenses, and the appropriateness of valuations of inventory. In light of this, the Company decided that it was necessary to conduct a Company-wide, comprehensive investigation, which includes its in-house companies other than the above three, as well as its consolidated subsidiaries. The specific extent of the investigation will be determined by the Independent Investigation Committee going forward. It is currently undetermined as to whether any correction of financial results will be required for fiscal years earlier than those stated above as a result of the matters requiring further investigation, or as to the size of any such amount requiring correction.

(Emphasis added).

## NO SAFE HARBOR

25.     The statutory safe harbor provided for certain forward-looking statements does not apply to any of the false statements alleged in this Complaint. None of the statements alleged herein are "forward-looking" statements and no such statement was identified as a "forward looking statement" when made. Rather, the statements alleged herein to be false and misleading all relate to facts and conditions existing at the time the statements were made. Moreover, cautionary statements, if any, did not identify important factors that could cause actual results to differ materially from those in any forward-looking statements.

26.     In the alternative, to the extent that the statutory safe harbor does apply to any statement pleaded herein which is deemed to be forward-looking, the Individual Defendants are liable for such false forward-looking statements because at the time each such statement was made, the speaker actually knew and/or recklessly disregarded the fact that such forward-looking statements were materially false or

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

misleading and/or omitted facts necessary to make statements previously made not materially false and misleading, and/or that each such statement was authorized and/or approved by a director and/or executive officer of Toshiba who actually knew or recklessly disregarded the fact that each such statement was false and/or misleading when made. None of the historic or present tense statements made by the Individual Defendants was an assumption underlying or relating to any plan, projection, or statement of future economic performance, as they were not stated to be such an assumption underlying or relating to any projection or statement of future economic performance when made, nor were any of the projections or forecasts made by the Individual Defendants expressly related to or stated to be dependent on those historic or present tense statements when made.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased the common stock of Toshiba during the Class Period and who were damaged thereby.  Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

28.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Toshiba's securities were actively traded on the OTC Pink. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class.  Members of the Class may be identified from records maintained by Toshiba or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

29.   Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

30.   Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

31.   Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)   whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)   whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Toshiba; and

(c)   to what extent the members of the Class have sustained damages and the proper measure of damages.

32.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.   Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## Applicability of Presumption of Reliance:
## Fraud on the Market Doctrine

33.   At all relevant times, the market for Toshiba's  common stock was an efficient market for the following reasons, among others:

(a)   Toshiba is currently listed and actively traded on the OTC Pink, a highly efficient and automated market;

- 13 -

(b)     During the Class Period, on average, several thousands of shares of Toshiba stock were traded on a weekly basis, demonstrating a very active and broad market for Toshiba and permitting a very strong presumption of an efficient market;

(c)     Toshiba regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

(d)     Toshiba was followed by several securities analysts employed by major brokerage firms who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firms during the Class Period. Each of these reports was publicly available and entered the public marketplace;

(e)     Numerous FINRA member firms were active market-makers in Toshiba stock at all times during the Class Period; and

(f)     Unexpected material news about Toshiba was rapidly reflected and incorporated into the Company's stock price during the Class Period.

34.   As a result of the foregoing, the market for Toshiba's common stock promptly digested current information regarding Toshiba from all publicly available sources and reflected such information in Toshiba's stock price. Under these circumstances, all purchasers of Toshiba's common stock during the Class Period suffered similar injury through their purchase of Toshiba's common stock at artificially inflated prices, and a presumption of reliance applies.

## LOSS CAUSATION/ECONOMIC LOSS

35.   The market for Toshiba's common stock was open, well-developed and efficient at all relevant times. As a result of these materially false and misleading statements and failures to disclose, Toshiba's securities traded at artificially inflated

- 14 -

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Toshiba's common stock relying upon the integrity of the market price of Toshiba's securities and market information relating to Toshiba, and have been damaged thereby.

36.   During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Toshiba's common stock, by publicly issuing false and misleading statements and omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and misleading. Said statements and omissions were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about the Company, its business and operations, as alleged herein.

37.   At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false or misleading statements about Toshiba's business, prospects and operations. These material misstatements and omissions had the cause and effect of creating in the market an unrealistically positive assessment of Toshiba and its business, prospects and operations, thus causing the Company's common stock to be overvalued and artificially inflated at all relevant times. Defendants' materially false and misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

### FIRST CLAIM

**Violation of Section 10(b) Of
The Exchange Act Against and Rule 10b-5
Promulgated Thereunder Against All Defendants**

38.   Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

- 15 -

39.    This claim is brought against Toshiba and all of the Individual Defendants.

40.    During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase Toshiba's common stock at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

41.    Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's common stock in an effort to maintain artificially high market prices for Toshiba's common stock in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

42.    Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of Toshiba as specified herein.

43.    These Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Toshiba's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts

- 16 -

and omitting to state material facts necessary in order to make the statements made about Toshiba and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of Toshiba's common stock during the Class Period.

44.   Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (1) the Individual Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of these Defendants, by virtue of his or her responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) each of these Defendants enjoyed significant personal contact and familiarity with the other Defendants and was advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (4) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

45.   Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Toshiba's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its common stock. As demonstrated by Defendants' overstatements and misstatements of the Company's

- 17 -

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

1   financial condition throughout the Class Period, Defendants, if they did not have
2   actual knowledge of the misrepresentations and omissions alleged, were reckless in
3   failing to obtain such knowledge by deliberately refraining from taking those steps
4   necessary to discover whether those statements were false or misleading.

5          46.    As a result of the dissemination of the materially false and misleading
6   information and failure to disclose material facts, as set forth above, the market price
7   of Toshiba's common stock was artificially inflated during the Class Period. In
8   ignorance of the fact that market prices of Toshiba's publicly-traded common stock
9   were artificially inflated, and relying directly or indirectly on the false and misleading
10  statements made by Defendants, or upon the integrity of the market in which the
11  common stock trades, and/or on the absence of material adverse information that was
12  known to or recklessly disregarded by Defendants but not disclosed in public
13  statements by Defendants during the Class Period, Plaintiff and the other members of
14  the Class acquired Toshiba common stock during the Class Period at artificially high
15  prices and were or will be damaged thereby.

16         47.    At the time of said misrepresentations and omissions, Plaintiff and other
17  members of the Class were ignorant of their falsity, and believed them to be true.
18  Had Plaintiff and the other members of the Class and the marketplace known the truth
19  regarding Toshiba's financial results, which were not disclosed by Defendants,
20  Plaintiff and other members of the Class would not have purchased or otherwise
21  acquired their Toshiba common stock, or, if they had acquired such common stock
22  during the Class Period, they would not have done so at the artificially inflated prices
23  that they paid.

24         48.    By virtue of the foregoing, Defendants have violated Section 10(b) of
25  the Exchange Act, and Rule 10b-5 promulgated thereunder.

26         49.    As a direct and proximate result of Defendants' wrongful conduct,
27  Plaintiff and the other members of the Class suffered damages in connection with
28

- 18 -

their respective purchases and sales of the Company's common stock during the Class Period.

50.     This action was filed within two years of discovery of the fraud and within five years of Plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CLAIM

### Violation of Section 20(a) Of
### The Exchange Act Against the Individual Defendants

51.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

52.     The Individual Defendants acted as controlling persons of Toshiba within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements published by the Company and disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.  The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to have been misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

53.     In particular, each Defendant had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

- 19 -

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

54.     As set forth above, Toshiba and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

55.     By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

56.     This action was filed within two years of discovery of the fraud and within five years of Plaintiff's purchases of securities giving rise to the cause of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action, designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Class Counsel;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Awarding such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: June 4, 2015                     Respectfully submitted,

- 20 -

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

- 21 -

CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL
SECURITIES LAWS