ARASH SADAT (SBN 279282)
arash@sadatlawgroup.com
SADAT LAW GROUP
333 South Hope Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 613-9434
Facsimile: (213) 613-0550

Attorneys for *Amicus Curiae*
Ministry of Economy, Trade and Industry of Japan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARK STOYAS, NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, and AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOSHIBA CORPORATION, a Japanese Corporation,<br><br>Defendant. | Case No.: 2:15-cv-04194-DDP-JC<br><br>**AMICUS BRIEF OF MINISTRY OF ECONOMY, TRADE AND INDUSTRY OF JAPAN** |

## I. <u>INTEREST OF THE AMICUS</u>

The Ministry of Economy, Trade and Industry is a ministry of the government of Japan. Its mission includes developing Japan's economy and industry by focusing on promoting economic vitality in private companies and smoothly advancing external economic relationships.

The defendant in this case is a Japanese company whose shares are listed only in the Japanese market. The defendant has been subjected to claims in this Court for monetary damages, including under Japanese law, for misstatements made in Japan.

The Ministry of Economy, Trade and Industry of Japan is seriously concerned regarding the political, legal and economic implications of this case on Japanese issuers, industries and the Japanese economy. The Ministry of Economy, Trade and Industry is also greatly concerned about the impact of the adjudication of claims under Japanese securities laws in a United States class action under the circumstances of this case.

## II. <u>ARGUMENT</u>

The plaintiffs' claims against the defendant, which does not list or distribute its shares in the United States, include claims under the Japanese Financial Instruments and Exchange Act ("JFIEA"). For the following reasons, the Ministry of Economy, Trade and Industry hopes that these claims based in Japanese law will be adjudicated in the Japanese courts rather than the United States courts.

### A. The Adjudication of the JFIEA Claims in United States Class Action May Damage Japanese Issuers and Japan's Industries

The Ministry of Economy, Trade and Industry is concerned that subjecting companies listed solely on Japanese stock exchanges to class action securities litigation in the United States, where the companies neither list nor distribute their securities, may damage the development of the Japanese capital market and discourage investment in Japan. These concerns will deepen even further if United

States courts issue an adverse judgment against the defendant based on the JFIEA in this case.

Specifically, the Ministry of Economy, Trade and Industry is concerned that investors would be motivated to file suit and seek a judgment regarding their claims under Japanese laws such as JFIEA in the United States, rather than Japan, as collective-action procedures do not apply to claims brought in Japan under Article 21-2 of the JFIEA. Investors may see the United States litigation system, including its class action system, extensive discovery procedures, and trial by a non-professional jury, as highly favorable to plaintiffs. Eventually, there could be many plaintiffs who file suit without a reasonable examination of the legitimacy of their cases, some of which might even be abusive litigation.

Additionally, companies listed only in Japan could not have anticipated that securities litigation based on the JFIEA would be brought and adjudicated against them in both Japan and countries other than Japan at the time they became listed on a stock exchange in Japan. Accordingly, they did not become listed in Japan with this risk in mind. Parallel litigation in multiple countries may force those companies to pay legal defense fees much higher than those normally incurred when litigation is limited to only the Japanese courts and to devote massive administrative and human resources to discovery compliance. These heavy costs and burdens are totally unforeseeable for those Japanese companies, and against the background of that threat, they may also be forced to accept high settlement demands.

Furthermore, if additional unsponsored ADRs that reference Japanese companies not listed in the United States are created as a result of precedent allowing JFIEA suits to be filed in the United States against them, such companies will be further hampered by an increase in this foreign litigation risk over which they have no control.

In addition, if cases such as this one are adjudicated in the United States, it is possible that inconsistencies will arise between the decisions of the courts of the

United States and those of Japanese courts. This may eventually damage the legal certainty regarding the JFIEA's application.

For all these reasons, businesses listed on the Japanese markets may become more conservative in terms of their corporate fundraising and in other matters, and such may also interfere with the development of Japanese industries and the Japanese economy.

### B. Investors Can File a Suit Against the Defendant in Japan

Additionally, it is important to note that the Japanese court system is fully available for investors of any nationality to seek relief for claims such as these. Numerous lawsuits for damages for misstatements in securities disclosures have been brought under Article 21-2 of the JFIEA. In fact, there are already cases in the Japanese courts regarding foreign investors' claims under this provision against the defendant in this case. Furthermore, there are several judicial precedents in Japan in which investors, including foreign investors, have sued and successfully recovered damages from Japanese companies which made misstatements.

### III. CONCLUSION

For the foregoing reasons, based upon concerns regarding the Japanese companies, industries and economy, and the legal certainty of Japan's securities laws, the Ministry of Economy, Trade and Industry of Japan wishes that the claims under Japanese law in this class action securities litigation case will be adjudicated in Japanese courts rather than United States courts, under principles of international comity and *forum non conveniens*.

Dated:  April 29, 2021

SADAT LAW GROUP

By: _/s/ Arash Sadat_
     Arash Sadat

Attorneys for *Amicus Curiae*
Ministry of Economy, Trade and Industry of Japan