ROBBINS GELLER RUDMAN
  & DOWD LLP
DENNIS J. HERMAN (220163)
WILLOW E. RADCLIFFE (200087)
JOHN H. GEORGE (292332)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
dennish@rgrdlaw.com
willowr@rgrdlaw.com
jgeorge@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK STOYAS and NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND,<br><br>　　　　　　　　Plaintiffs,<br><br>　　and<br><br>AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Lead Plaintiff,<br><br>　vs.<br><br>TOSHIBA CORPORATION,<br><br>　　　　　　　　Defendant. | Case No. 2:15-cv-04194-DDP(JCx)<br><br>CLASS ACTION<br><br>PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE* |

4827-0614-5002.v1

## I. INTRODUCTION

Lead Plaintiff Automotive Industries Pension Trust Fund and named Plaintiff New England Teamsters & Trucking Industry Pension Fund (collectively, "Plaintiffs"), respectfully submit this memorandum of law in opposition to Ministry of Economy, Trade and Industry of Japan's ("METI") motion for leave to participate as *amicus curiae* and submit a brief in opposition to Plaintiffs' motion for class certification. ECF No. 111 ("Motion").

"'[T]he consideration of an amicus brief is solely within the discretion of the court and is seldom appropriate at the level of the trial level where the parties are adequately represented by experienced counsel.'" *Jones v. Becerra*, 2020 WL 8920621, at *1 (S.D. Cal. Jan. 14, 2020)[1] (citing *ForestKeeeper v. Elliott*, 50 F. Supp. 3d 1371, 1380 (E.D. Cal. 2014)). "An amicus brief is normally allowed only when a party is not represented competently or is not represented at all, and when the amicus has an interest in another case that may be affected by the holding in the present case, or when the amicus can present unique information that can help the court in a way that is beyond the abilities the lawyers for the parties are able to provide." *Gabriel Techs. Corp. v. Qualcomm Inc.*, 2012 WL 849167, at *4 (S.D. Cal. Mar. 13, 2012) (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). None of these considerations are present here.

Because METI has not raised any issues that impact class certification, its Motion to submit an *amicus* brief should be denied. At class certification, the only issues before the Court are whether the Federal Rule of Civil Procedure Rule 23(a) requirements of numerosity, commonality, typicality and adequacy are met and whether, under Rule 23(b)(3), there are "questions of law or fact common to class members [that] predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently

---

[1] All citations and footnotes are omitted and emphasis is added unless otherwise indicated.

- 1 -

4827-0614-5002.v1

adjudicating the controversy." Fed. R. Civ. P. 23(a), (b)(3). METI's Motion does not address any of these questions. As such, the Court should not grant leave to submit an *amicus* brief on matters irrelevant to class certification.

What is evident is that METI's Motion is nothing but a thinly veiled attempt to submit nearly identical assertions it made to the Supreme Court in its *amicus* brief filed over two years ago in support of Toshiba's unsuccessful petition for writ of *certiorari* and to seek a redo of this Court's January 28, 2020 order denying Toshiba's motion to dismiss, which rejected the contentions that METI seeks to submit. METI presents no basis that Toshiba's counsel at White & Case, which has a global practice of over 2,000 lawyers, is not capable or competent to raise any issues that bear on class certification. Indeed, White & Case's website touts Christopher Curran, counsel of record in this action, "'as "a formidable adversary" and [an] "extremely impressive" trial lawyer.'"[2]

Further, it is troubling that METI fails to disclose to the Court the current investigation of METI's recent efforts to contact Toshiba shareholders and influence their votes ahead of Toshiba's annual shareholder meeting. Even the appearance of this conflict of interest, and METI's failure to disclose it, renders METI no friend of the Court. On this basis alone, its Motion to submit an *amicus* in opposition to class certification should be denied. And if the Court were to allow METI to file an *amicus* brief, it should require disclosures regarding METI's relationship with Toshiba.

In short, METI should not be permitted to pile on irrelevant arguments in an *amicus* submission when Toshiba's counsel is more than capable of opposing class certification. METI had its voice heard when it filed its *amicus* brief with the Supreme Court – it was not convincing then and is less so now that its arguments were entirely rejected. Plaintiffs respectfully submit the Motion should be denied.

---

[2] Christopher M. Curran, White & Case, https://www.whitecase.com/people/christopher-curran (last visited May 17, 2021).

- 2 -

## II. ARGUMENT

### A. Because METI's Proposed *Amicus* Brief Is Irrelevant and Unhelpful to Class Certification, Its Motion Should Be Denied

"[T]he criterion for deciding whether to permit the filing of an amicus brief [is] whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003). Because METI's *amicus* brief presents nothing useful to the Court's analysis of whether the Rule 23 requirements are satisfied, but rather rehashes rejected arguments that are irrelevant to class certification, METI's Motion should be denied.

#### 1. METI's *Amicus* Brief Does Not Provide Any Useful Information for the Court's Decision Regarding Class Certification

The issue before the Court is class certification. METI claims its brief is in opposition to class certification, but it does not provide any legally recognized basis for why the class should not be certified. METI does not address the Rule 23(a) requirements of numerosity, commonality, typicality or adequacy. Nor does it address whether, under Rule 23(b)(3), questions common to the class predominate or whether a class action is superior. As a result, it cannot give "unique information or a unique perspective on the issues raised." *Merritt v. McKenney*, 2013 WL 4552672, at *4 (N.D. Cal. Aug. 27, 2013). METI also fails to provide any law that could inform the Court's analysis of whether the Rule 23 class certification requirements are met. *See Karuk Tribe of Cal. v. U.S. Forest Serv.*, 2005 WL 8177401, at *1 (N.D. Cal. July 1, 2005) (quoting *Miller-Wohl Co., Inc. v. Comm'r of Lab. & Indus. of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) ("role of an amicus is . . . 'draw[ing] the court's attention to law that escaped consideration'")).

Further, "an amicus may not . . . initiate, create, extend, or enlarge the issues." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2007 WL 2022026, at *1 (N.D. Cal. July 9, 2007) (citing *Miller-Wohl*, 694 F.2d at 204). Yet, that is what

METI seeks to impermissibly do with its assertions that: (1) adjudication of the Japanese Financial Instruments Exchange Act ("JFIEA") claims in the United States may damage Japanese issuers and industries, and (2) Japan is a better forum for this case. ECF No. 111-2 at 2-4. As explained below in Section II.A.2, those assertions have already been raised and rejected by the Court. *See also* ECF No. 88 at 10-12. They are also irrelevant to whether a class should be certified. *Pac. Coast Fed'n Of Fishermen's Ass'n v. Locke*, 2011 WL 3443533, at *16 (N.D. Cal. Aug. 5, 2011) (quoting *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n.10 (9th Cir. 2003)) ("'In the absence of exceptional circumstances. . . we do not address issues raised only in an amicus brief.'").[3]

In addition to being irrelevant to class certification, which does not address the merits of the case, METI is incorrect that this Court's rulings could "damage the legal certainty regarding the JFIEA's application." ECF No. 111-2 at 2-3; *see Makaron v. Enagic USA, Inc.*, 324 F.R.D. 228, 231 (C.D. Cal. 2018) (stating merits are not at issue at class certification). As detailed at the motion to dismiss stage, Japan is a civil law country, and its courts are not bound by the decisions of other courts.[4] *See* ECF No. 53 at 3¶9, 4-8.[5]

---

[3] METI provides no statistics, data, analysis or any other factual support for any of its assertions about the purported detrimental impacts on Japanese issuers or the Japanese economy at large. This unsupported conjecture is not helpful, even if it were relevant. *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (quoting *Ryan*, 125 F.3d at 1064) ("'We are not helped by an *amicus curiae*'s expression of a "strongly held view" about the weight of the evidence.'").

[4] Given the inability of this Court's class certification decision to impact METI or Japanese courts, METI's "interests in this litigation [are] insufficient to warrant the grant of leave to file an amicus brief." *Barnes-Wallace v. Boy Scouts of Am.*, 2004 WL 7334937, at *2 (S.D. Cal. Mar. 15, 2004) (finding that party's interests were properly represented and Court's decision had no *res judicata* effect on the United States, and so its interest was insufficient to participate as *amici curiae*).

[5] *See also* Ex. 1, Toshiaki Iimura, Former Chief Judge, Intellectual Property High Court, Japan, et al., *The Binding Nature of Court Decisions in Japan's Civil Law System* STAN. L. SCH. CHINA GUIDING CASES PROJECT (June 30, 2015) ("Pursuant to Article 76(3) of the Constitution, when exercising their judicial power, judges are to be 'bound only by [the] Constitution and the laws' of Japan.").

- 4 -

In sum, METI's *amicus* brief provides no useful information to the Court in its analysis of the class certification requirements and seems to "make an end run around court-imposed limitations on the length of parties' briefs. . . drive up the cost of litigation. . .[or] inject interest group politics into the . . . process." *Voices for Choices*, 339 F.3d at 544-45.

### 2. METI's Rehash of Rejected Issues Regarding International Comity and *Forum Non Conveniens* Are Irrelevant to Class Certification

METI claims that the case should be "adjudicated in Japanese courts rather than United States courts, under principles of international comity and *forum non conveniens*" for the reasons raised in its *amicus* brief. ECF No. 111-2 at 3. This Court rejected those contentions in its order denying Toshiba's motion to dismiss, which raised the exact same arguments: "[a]djudicatory comity and *forum non conveniens* do not compel dismissal of Plaintiffs' Exchange Act claims or the JFIEA claim." ECF No. 88 at 10-12. Thus, "rather than offering useful or advisory arguments, [METI] is really seeking to relitigate the issues raised by . . . defendants' earlier motion[]." *Dynamic Random Access Memory*, 2007 WL 2022026, at *1. This type of "end run around" is impermissible. *Voices for Choices*, 339 F.3d at 544-45 (7th Cir. 2003) (denying "permission to file an amicus brief that essentially duplicates a party's brief").

Further, METI made similar arguments in its *amicus* brief filed in the Supreme Court on November 2, 2018 when it sought to support Toshiba's unsuccessful writ of *certoriari* seeking review of the Ninth Circuit's opinion in this case. Brief of the Ministry of Economy, Trade and Industry of Japan as *Amicus Curiae* in Support of Petitioner, *Toshiba Corp. v. Auto. Indus. Pension Tr. Fund*, 2018 WL 5802391 (U.S. Nov. 2, 2018). They were unconvincing then and are even less convincing now as they are entirely irrelevant to class certification.

- 5 -

### B. Because METI Has Taken Actions that Benefited Toshiba over Certain Toshiba Shareholders It Is Not a Proper *Amicus Curiae*

"'The term "*amicus curiae*" means friend of the court, not friend of a party.'" *Long*, 49 F. Supp. 2d at 1178 (citing *Ryan*, 125 F.3d at 1063). Due to its recent interference with the shareholder vote at Toshiba's annual meeting and the resulting investigation (none of which was disclosed to the Court), METI is not a proper *amicus curiae*.

As Toshiba approached its July 31, 2020 annual shareholders' meeting, several large investors in Toshiba sought to improve governance and replace several directors. *See* Ex. 2 (Makiko Yamazaki & Takashi Umekawa, *Japan Government contacted Toshiba shareholders before AGM – sources*, Reuters (Sept. 16, 2020)). Toshiba and its then-current management opposed these actions and METI intervened in critical ways to ensure the vote would favor management. Toshiba hired Goldman Sachs to assist in defending against the activist investors and the bank "told Toshiba the ballot would be extremely close and identified [Harvard University's investment fund] as one of several potential swing votes." Ex. 3 (Leo Lewis & Billy Nauman, *Harvard pressured to support Toshiba chief in 'dark arts' campaign*, Financial Times (Sept. 14, 2020)). Several weeks before the July shareholder vote, a special advisor to METI began a campaign, through a series of calls and emails to the head of Harvard's investment fund, to pressure Harvard to not vote against Toshiba's management. *Id*.; Ex. 4 (Makiko Yamazaki, *Japan government adviser pressured Harvard with talk of probe before Toshiba vote – sources*, Reuters (Dec. 23, 2020)). METI's special advisor told Harvard it "could be subject to a regulatory probe should it vote against the firm's management" and would suffer reputational harm by doing so. Ex. 4. METI's veiled threats in support of Toshiba worked – Harvard ultimately abstained from the vote and Toshiba's management narrowly avoided losing the vote. *Id.*

Not content to pressure only Harvard, METI also made clear to other international investors that they should not vote against Toshiba's management.

- 6 -

According to several sources, "[r]epresentatives of the powerful Ministry of Economy, Trade and Industry (METI) called at least three funds ahead of the meeting to inquire if they had collaborated with other investors," which one of the funds described "as a signal to back Toshiba's management and not investor proposals at the meeting." Ex. 2. In fact, this was not the first time METI took such actions in favor of Toshiba's management and against foreign, including U.S., investors – "METI used a similar approach with several foreign shareholders [in 2019], when U.S. hedge fund King Street Capital Management sought to replace a majority of the Toshiba board." *Id.*

In addition to pressuring Toshiba investors, METI took other measures to ensure Toshiba would get what it wanted by avoiding a fair vote. METI accomplished this by taking advantage of the need for Toshiba's largest shareholder, Effisimo Capital Management, to obtain METI's approval to vote for the three candidates that Effisimo nominated for election to Toshiba's Board of Directors. Ex. 5 (Takashi Umekawa & Makiko Yamazaki, *Exclusive: Japan kept activist investor in limbo over key Toshiba vote, sources say*, (Reuters, Aug. 7, 2020)). METI delayed its decision regarding Effisimo's vote until just one day before the July 31, 2020 shareholder meeting. *Id.* METI – far from the neutral agency that it would have this Court believe it is – was plainly acting in favor of Toshiba and interested in ensuring Effisimo's candidates were not elected. As a source within the Japanese government told Reuters, "'[b]ecause METI wasn't able to forecast how much support (Effissimo's) proposal would get, some officials insisted it was better to delay the decision as much as possible.'" *Id.*

Following the reports of METI's interference to benefit Toshiba, the Company's shareholders voted "in favour of an independent probe into allegations that investors were pressured ahead of last year's annual general meeting." Ex. 6 (Makiko Yamazaki, *Toshiba shareholders vote for probe in landmark win for Japan corporate governance*, Reuters (March 17, 2021)); *see also* Ex. 7 (Makiko Yamazaki, *Top Toshiba shareholder gets support from CalPERS, Norway fund for probe*, Reuters

- 7 -

4827-0614-5002.v1

(Mar. 15, 2021)). Central to the investigation is METI's campaign to pressure investors, including those in the U.S., to back Toshiba's management. *See id.*

METI's actions on Toshiba's behalf and the current investigation into these actions – none of which was disclosed by METI in its Motion – are grounds alone to deny the request. *See Barnes-Wallace*, 2004 WL 7334937, at *1 ("an *amicus curiae* does not represent the parties, but participates ***solely*** for the benefit of the court"). METI is far too enmeshed with Toshiba to independently provide guidance to the Court, even if METI did have something relevant to add at class certification (which it does not).

Finally, "[d]istrict courts . . . rely on Federal Rule of Appellate Procedure 29 ("Rule 29") in addressing" requests to submit *amicus* briefs. *United States v. State Water Res. Control Bd.*, 2020 WL 9144006, at *3 (E.D. Cal. Apr. 23, 2020); *see also In re Toll Rds. Litig.*, 2018 WL 6131178, at *2 (C.D. Cal. Jan. 12, 2018). METI's submission makes no mention of Rule 29(a)(4)(E)'s requirement to disclose whether "a party's counsel authored the brief in whole or in part" and who "contributed money that was intended to fund preparing or submitting the brief." Fed. R. App. P. 29(a)(4)(E). METI's *amicus* brief is accordingly deficient and, should the Court be inclined to permit its submission, METI should be required to provide the proper disclosures.

## III. CONCLUSION

For the foregoing reasons, the Court should deny METI's Motion for leave to submit an *amicus curiae* brief in opposition to Plaintiffs' motion for class certification.

DATED: May 17, 2021                ROBBINS GELLER RUDMAN & DOWD LLP

s/ Willow E. Radcliffe
WILLOW E. RADCLIFFE

- 8 -

4827-0614-5002.v1

1  
2  
3      DENNIS J. HERMAN  
    WILLOW E. RADCLIFFE  
    JOHN H. GEORGE  
4      Post Montgomery Center  
    One Montgomery Street, Suite 1800  
5      San Francisco, CA  94104  
    Telephone:  415/288-4545  
6      415/288-4534 (fax)  
7  
8      ROBBINS GELLER RUDMAN  
      & DOWD LLP  
    MATTHEW I. ALPERT  
9      PATTON L. JOHNSON  
10      655 West Broadway, Suite 1900  
    San Diego, CA  92101  
11      Telephone:  619/231-1058  
12      619/231-7423 (fax)  
13      Lead Counsel for Plaintiffs  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

- 9 -

4827-0614-5002.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 17, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Willow E. Radcliffe
WILLOW E. RADCLIFFE
ROBBINS GELLER RUDMAN
   & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: willowr@rgrdlaw.com

4827-0614-5002.v1

# Mailing Information for a Case 2:15-cv-04194-DDP-JC Mark Stoyas v. Toshiba Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew Isaac Alpert**
  malpert@rgrdlaw.com,e_file_sd@rgrdlaw.com,MAlpert@ecf.courtdrive.com

- **Jaime M Crowe**
  jcrowe@whitecase.com

- **Christopher M Curran**
  ccurran@whitecase.com

- **John Hamilton George**
  jgeorge@rgrdlaw.com

- **Eric C Grannon**
  egrannon@whitecase.com,jdisanti@whitecase.com,mco@whitecase.com

- **Dennis J Herman**
  dennish@rgrdlaw.com,jgeorge@rgrdlaw.com

- **Patton L. Johnson**
  pjohnson@rgrdlaw.com

- **Bryan A Merryman**
  bmerryman@whitecase.com,irma.mares@whitecase.com,zach.heffernen@whitecase.com,emily.renzelli@whitecase.com,cgomez@whitecase.com,cristian.pleters@wh

- **Danielle S Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Owen C Pell**
  opell@whitecase.com,jdisanti@whitecase.com,mco@whitecase.com

- **Willow E Radcliffe**
  willowr@rgrdlaw.com,e_file_sd@rgrdlaw.com,kirstenb@rgrdlaw.com,sbloyd@ecf.courtdrive.com,sbloyd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

- **Arash Sadat**
  arash@sadatlawgroup.com,sadat.arash@gmail.com

- **Reuben J Sequeira**
  rsequeira@whitecase.com,jdisanti@whitecase.com,mco@whitecase.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`