**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK STOYAS and NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, <br><br> Plaintiffs, <br> and <br><br> AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, individual and on behalf of all others similarly situated, <br><br> Lead Plaintiff <br><br> v. <br><br> TOSHIBA CORPORATION, a Japanese Corporation <br><br> Defendant. | Case No.  15-cv-4194 DDP (JCx) <br><br> **ORDER GRANTING MINISTRY OF ECONOMY, TRADE AND INDUSTRY OF JAPAN'S MOTION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE** <br><br> [Dkt. 111] |

Presently before the court is the motion of the Ministry of Economy, Trade and Industry of Japan ("METI") for leave to participate as an *amicus curiae*.  (Dkt. 111, Mot.) Having considered the submissions of the parties and heard oral argument, the court

grants the motion and adopts the following order.

**I. DISCUSSION**

The background of this case is set forth in the court's prior orders and is not repeated here. (*See* dkts. 65, 88.) METI, a ministry of the government of Japan, moves to participate as amicus curiae asserting that it will "offer perspective and information concerning the potential legal and economic repercussions of class certification on Japanese capital markets, issuers, industries, and the country's economy, as well the implications . . . on Japanese securities laws and international comity." (Mot. at 2.) Plaintiffs Automotive Industries Pension Trust Fund and New England Teamsters & Trucking Industry Pension Fund (collectively, "Plaintiffs") oppose the motion arguing that METI's amicus brief does not provide any useful information relevant to the class certification issues and that instead, METI attempts to relitigate issues of *forum non conveniens* and international comity. (Dkt. 112, Opp.) Plaintiffs also argue that METI has failed to adhere to Federal Rule of Appellate Procedure Rule 29. (*Id.*)

A "district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), overruled on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). Courts generally grant requests to participate as amicus curiae where the requesting party "has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999). "The touchstone is whether the amicus is helpful, and there is no requirement that amici must be totally disinterested." *Earth Island Inst. v. Nash*, No. 119CV01420DADSAB, 2019 WL 6790682, at *1 (E.D. Cal. Dec. 12, 2019) (citations omitted).

This action involves claims under the Japanese Financial Instruments and Exchange Act against a Japanese entity and METI, as the ministry of Japan whose

2

mission is to "promot[] the economic vitality in private companies and smoothly advanc[e] external economic relationships," may provide some perspective on the issues before the court. Even if some of the information METI seeks to provide is related to international comity, Plaintiffs fail to explain how such information is irrelevant. International comity may be relevant to a variety of issues and is not limited to issues of *forum non conveniens*. In any event, any argument outside the scope of the pending issues will be disregarded. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M 02-1486 PJH, 2007 WL 2022026, at *1 (N.D. Cal. July 9, 2007) ("[a]n amicus may not assume the functions of a party, nor may it initiate, create, extend, or enlarge the issues."). Moreover, it is "'preferable to err on the side of' permitting such [amicus] briefs . . . '[i]f an amicus brief that turns out to be unhelpful is filed, the [Court] . . . can then simply disregard the brief. On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance.'" *Duronslet v. Cty. of Los Angeles*, No. 216CV08933ODWPLAX, 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017) (quoting *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002)). The court concludes that permitting METI to participate as amici curiae is appropriate.

Next, the Federal Rules of Civil Procedure do not address requests to participate as amici, therefore, district courts "rely on Federal Rule of Appellate Procedure 29 ('Rule 29')" when considering such requests. *United States v. State Water Res. Control Bd.*, No. 219CV000547DADEPG, 2020 WL 9144006, at *3 (E.D. Cal. Apr. 23, 2020). Here, METI did not comply with Rule 29's requirements on content and form. However, METI asserts that it is prepared to comply with Rule 29 in filing its amicus brief and any additional disclosures the court deems necessary. The court concludes that in its filing of the amicus brief, METI shall comply with Rule 29's requirements.[1]

---

[1] Plaintiffs argue that METI is not a proper amicus because of METI's alleged interference in a recent shareholder vote at Toshiba. (Opp. at 6.) According to Plaintiffs, METI is "too

3

## II. CONCLUSION

It is ORDERED that the motion of METI for leave to participate as an *amicus curiae* is GRANTED.  The court further orders METI to comply with Federal Rules of Appellate Procedure Rule 29 in the filing of the amicus brief.

**IT IS SO ORDERED.**

Dated: June 7, 2021

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

_____

enmeshed with Toshiba to independently provide guidance" regarding the issues at class certification.  (*Id.* at 8.)  The court declines to consider the newspaper articles as evidence of an alleged conflict and concludes that compliance with Rule 29 is sufficient at this stage to permit METI's amicus brief.