O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK STOYAS, NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, and AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, individually and on behalf of all others similarly situated, a Japanese Corporation<br><br>Plaintiffs,<br><br>v.<br><br>TOSHIBA CORPORATION, a Japanese Corporation,<br><br>Defendants. | Case No.  2:15-cv-04194 DDP-JC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE**<br><br>[Dkt. 131] |

    Presently before the court is Defendant's Motion to Strike the Proposed Second Report of Dr. Cain.  (Dkt. 131.)  Having considered the parties' submissions and heard oral argument, the court GRANTS the motion and adopts the following order.

///

///

**I. BACKGROUND**

Toshiba Corporation ("Defendant") brings this Motion to Strike the Proposed Second Report of Plaintiffs' Economist Dr. Cain (the "Motion") in connection with Automotive Industries Pension Trust Fund and New England Teamsters & Trucking Industry Pension Fund ("Plaintiffs")' pending Motion for Class Certification. The facts of this action have been set forth in previous orders. (*See* Dkt. 65, 79.)

On March 13, 2020, the court issued its Scheduling Order, which provides in relevant part that, "[c]ounsel must agree on the date for the disclosure of expert witness reports pursuant to the Federal Rules of Civil Procedure 26(a)2." (Dkt. 97, Scheduling Order at 1.) The Scheduling Order further provides that all parties may "adjust the trial date, and other related dates, by up to eight months, provided all parties agree to such adjustments and submit a stipulation in that regard." (*Id.* at 2.) The Scheduling Order also sets forth deadlines for "Opening Expert Reports" and "Rebuttal Expert Reports," but not for "Reply Expert Reports." (*Id.*)

On February 16, 2021, the court issued an Order Establishing a Briefing Schedule and Extending the Page Limits for the Anticipated Motion for Class Certification. (Dkt. 107, Briefing Schedule.) The Order provides, in relevant part that, "Plaintiffs shall file their motion for class certification, not exceeding 30 pages in length (excluding indices and exhibits), in accordance with the time frame set forth in Local Rule 7-3," that "Defendant Toshiba shall have 90 days after the motion for class certification is filed to file a response or responses," and that "Plaintiffs shall have 56 days after the filing of Toshiba's response or responses to file a reply memorandum[.]" (*Id.*)

On February 19, 2021, Plaintiffs filed their Motion for Class Certification, (Dkt. 108, accompanied by an Expert Report of Matthew D. Cain (the "Cain Report"), (Dkt. 110-1). On May 20, 2021, Defendant filed an Opposition, (Dkt. 114), as well as a Rebuttal Expert Report of Réne Stulz (the "Stulz Report"), (Dkt. 114-18). On June 25, 2021, the court issued an Order Modifying the Case Scheduling Order, which pushed the deadlines for

1 opening and rebuttal expert reports to April 22, 2022 and May 20, 2022, respectively.
2 (Dkt. 124, Modified Scheduling Order.)  On August 19, 2021, Plaintiffs filed their Reply
3 and attached the Reply Report of Matthew D. Cain (the "Reply Report").  (Dkt. 128-10.)
4      Defendant now moves to strike the Reply Report pursuant to Fed. R. Civ. P. 26(a)
5 and 37(c)(1).

**II. LEGAL STANDARD**

     Under Fed. R. Civ. P. 26(a)(2), parties must disclose the identity of expert witnesses accompanied by written reports "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  Each of the parties' expert reports must contain,

> (i)  a complete statement of all opinions the witness will express and the basis and reasons for them;
> 
> (ii)  the facts or data considered by the witness in forming them;
> 
> (iii) any exhibits that will be used to summarize or support them; . . . and
> 
> (iv) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).  Absent stipulation by the parties or court order, the disclosure must be made "at least 90 days before the date set for trial or for the case to be ready for trial" or "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure."  *Id.* 26(a)(D)(i)-(ii).

     To the extent a party fails to disclose an expert report as required under Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure to use that information was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); *see also Torres v. City of L.A.*, 548 F.3d 1197, 1212-13 (9th Cir. 2008).  Rule 37 "'gives teeth' to Rule 26's disclosure requirement by forbidding the use at trial of any information that is not properly

3

disclosed. Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (quoting *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The burden is on the party facing sanctions to prove that the failure to comply with 26(a) is substantially justified or harmless. *Torres*, 548 F.3d at 1213.

**III. DISCUSSION**

Defendant moves to exclude the Reply Report because "no order in this case authorizes any party to file a reply expert report, and the parties never otherwise agreed to any reply expert reports[.]" (Mot. at 5.) The Scheduling Order, subsequent modification, and Briefing Schedule for the motion for class certification do not appear to contemplate "reply" expert reports. (*See generally* Scheduling Order; Modified Scheduling Order; Briefing Schedule.) Moreover, the parties did not reach an agreement regarding the filing of reply expert reports, nor is there a filed stipulation evincing an agreement to permit reply reports. (*See* Dkt. 133, Declaration of Eric Grannon ("Grannon Decl.") at 2 ¶ 2.) The court therefore finds that the Reply Report is an improper expert report under Rule 26(a)(2)(D).[1]

---

[1] Plaintiffs argue that the Reply Report should be permitted pursuant to Rule 26(a)(2)(D)(ii), because it purports to "contradict or rebut" the Stulz Report on the "same subject matter". (Opp. at 3.) However, this rule applies only in the absence of a court order or stipulation. In this case, the Scheduling Order provides that the parties are required to "agree on the date for the disclosure of expert witness reports." (Dkt. 107.) Moreover, the parties were unable to resolve the issue of whether to use reply expert reports. Even if Rule 26(a)(2)(D)(ii) were applicable, Plaintiffs would have been required to disclose the expert report within 30 days after Defendant filed the Rebuttal Report. Plaintiffs did not disclose the Reply Report until August 19, 2020, nearly three months after Defendant filed its Opposition and the Stulz Report. Therefore, even under Plaintiffs' alternative theory, the Reply Report is untimely under Rule 26(a)(2)(D)(ii) and subject to exclusion.

4

Because the Reply Report constitutes an improper disclosure under Rule 26(a)(2)(D), Plaintiffs must demonstrate the disclosure was substantially justified or harmless to avoid Rule 37(c)(1)'s exclusion sanction. *Yeti by Molly, Ltd.*, 259 F.3d at 1106. Plaintiffs argue that the Reply Report was substantially justified because Plaintiffs' expert could only respond to Defendant's expert's opinions and analysis once Plaintiffs received his rebuttal report. (Opp. at 10 n.9.) Plaintiffs, however, could have filed a motion with the court requesting permission to exchange reply expert reports, or deposed Defendant's expert as Plaintiffs initially intended to do, (*see* Grannon Decl. ¶ 4-5), or addressed any weaknesses they observed in the Stulz Report at the class certification hearing. Given that Plaintiffs do not provide any compelling reason for the improper disclosure, the court finds Plaintiffs were not substantially justified for the violation.

Plaintiffs further argue that even if the Reply Report was improper, it does not prejudice Defendant. (Opp. at 9.) Plaintiffs reason that the report was disclosed months before the expert discovery cutoff and more than a year before trial. (*Id.* at 10.) Although the Reply Report was served before the discovery cutoff, the Reply Report accompanied Plaintiffs' Reply Brief in support of their motion for class certification. The briefing schedule for the class certification motion was set by the court months in advance, and the scheduling order explicitly provides that the parties must agree to any changes to expert report deadlines. Moreover, it appears both parties had expressed their differences with respect to using reply expert reports for the motion and did not come to a resolution. To abate the prejudice, the court would be forced to allow Defendant to submit a sur-reply brief and have its expert prepare a sur-reply report in response to Dr. Cain's Reply Report. This would likely cause further delay with resolution of the motion for class certification. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to."); *Hoffman v. Const. Protective Servs.*, 541 F.3d 1175, 1180 (9th Cir.

2008) (finding failure to properly disclose pursuant to Rule 26(a) was not harmless where the court would be required "to create a new briefing schedule").  As such, submitting the Reply Report was not harmless.

Because Plaintiffs' improper disclosure was neither substantially justified nor harmless, the court hereby GRANTS Defendant's Motion to Strike.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Strike is GRANTED.  The court will disregard all references to Dr. Cain's Second Reply Report in Plaintiffs' Reply brief in support of its Motion for Class Certification.

**IT IS SO ORDERED.**


Dated:     January 3, 2022


_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE