O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK STOYAS, NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, and AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOSHIBA CORPORATION, a Japanese Corporation | ) Case No.  2:15-cv-04194 DDP-JC<br>)<br>) **ORDER DENYING PLAINTIFFS'**<br>) **MOTION FOR REVIEW OF**<br>) **MAGISTRATE JUDGE'S**<br>) **NONDISPOSITIVE RULING**<br>)<br>) [Dkt. 198]<br>)<br>)<br>)<br>)<br>) |

Presently before the court is Plaintiffs Automotive Industries Pension Trust Fund's ("AIPTF") and New England Teamsters & Trucking Industry Pension Fund's ("NETTIP") (collectively, "Plaintiffs") motion for review of the Magistrate Judge's nondispositive ruling concerning Plaintiffs' motion to compel. (Dkt. 198.) Having considered the submissions of the parties, the court DENIES the motion and adopts the following Order.

The relevant history of this action is set forth in detail in the court's Orders denying Defendant Toshiba Corporation's ("Toshiba") motion to dismiss (Dkt. 88) and denying Plaintiffs' motion for class certification (Dkt. 148).  In short, the court directed Toshiba to file a motion for summary judgment on potentially dispositive questions of law, including whether AIPTF and NETTIPF have statutory standing to bring claims under the Financial Instruments & Exchange Act of Japan ("JFIEA").  (See Dkt. 147.)  The court's Order setting forth the briefing schedule for the summary judgment motion stated that the parties would not "engag[e] in merits discovery, unless [ ] related to the motion for summary judgment[.]"  (Dkt. 150.)

On March 7, 2022, Toshiba filed its motion for summary judgment.  (Dkt. 151.)  In light of Toshiba's motion, Plaintiffs asked Toshiba to supplement its responses to Plaintiffs' September 17, 2020 requests for production.  (Dkt. 166-6.)  As relevant here, RFP No. 28 sought "[d]ocuments sufficient to identify holders, owners, beneficial owners, purchasers of, or other investors in Toshiba common stock or [American Depositary Shares], including, but not limited to, records from Toshiba's transfer agent or shareholder registration agent."  (Dkt. 166-1 at 16.)  Plaintiffs also informed Toshiba that the supplemental production includes Toshiba's "list of shareholders [ ] or correspondence from investors reflecting their ownership."  (Id.)  Toshiba objected that RFP No. 28 was "exceedingly broad," that Toshiba had already "produced information to Plaintiffs responsive to this request[,]" and that "to the extent [the] RFP seeks information about non-parties to this litigation, it is not 'related to the motion for summary judgment.'"[1]  (Dkt. 166-9).

---

[1] Toshiba initially objected to RFP No. 28 on the basis that the RFP was "not limited to any relevant period" and "to the extent it [sought] documents that are not within the possession, custody, or control of Toshiba, that are publicly available, and/or that are equally accessible to Plaintiffs."  Toshiba further responded that it "[would] conduct a

2

Plaintiffs then filed a motion before the Magistrate Judge to compel, in part, production of documents responsive to RFP No. 28. (Id. at 2.) The Magistrate Judge denied Plaintiffs' motion with respect to the RFP, ruling that the shareholder list was not "proportional to the needs of the case at this juncture." (Dkt. 198, Ex. A, Hr. Tr. at 36:25-37:3.) Plaintiffs now seek review of the Magistrate Judge's ruling. (See Dkt. 198, Mot.)

Under Federal Rule of Civil Procedure 72, a district court may set aside a magistrate judge's order if it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(A); see also Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). "[T]he clearly erroneous standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010). The clearly erroneous standard is "significantly deferential, requiring 'a definite and firm conviction that a mistake has been committed.'" Concrete Pipe & Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 623 (1993); see also Sec. Farms v. Int'l Brotherhood of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997). "In contrast, the 'contrary to law' standard permits independent review of purely legal determinations by the magistrate judge." Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003) (quoting F.D.I.C. v. Fidelity & Deposit Company of Maryland, 196 F.R.D. 375, 378 (S.D. Cal. 2000)); United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir. 1984), overruled on other grounds, Estate of Merchant v. C.I.R., 947 F.2d 1390, 1392-93 (9th Cir. 1991) (stating that "contrary to law" standard requires de novo review of legal issues).

Plaintiffs assert that the Magistrate Judge erred by (1) failing to consider that Toshiba waived any objection to the request on proportionality grounds; (2) placing the burden on Plaintiffs to demonstrate proportionality; (3) failing to address the

---

reasonable search for non-privileged documents, if any responsive to [the] Request." (Dkt. 167-1.)

3

proportionality factors under Federal Rule of Civil Procedure 26(b)(1); (4) failing to consider whether the discovery sought was unreasonably cumulative and impermissibly weighing the value of the evidence; and (5) failing to consider "the need [or relevance] of other documents . . . to Toshiba's defense that it faces duplicate claims." (See Mot. at 6-12; Reply at 3-13.)

Plaintiffs, however, have not demonstrated that the Magistrate Judge's decision was clearly erroneous or contrary to law. Although Toshiba did not raise proportionality in its initial objections to the RFP, Plaintiffs engaged in an extensive discussion on the merits of proportionality during the motion to compel hearing, without ever raising a waiver argument. (See Hr. Tr. 37-57.) Because Plaintiffs raise their waiver argument for the first time on their motion for review, the court cannot grant the motion on this basis. See In re Midland Credit Mgmt., No. 11-md-2286-MMA (MDD), 2020 WL 6504416, at *5 (S.D. Cal. Nov. 5, 2020) ("Motions to reconsider a magistrate judge's ruling 'are not the place for parties to make new arguments not raised in their original briefs.'") (citations omitted).

Nor did the Magistrate Judge impermissibly shift the burden to Plaintiffs to show the shareholder registry lists were proportional. Neither party addressed proportionality in their briefs to the Magistrate Judge. Based on the limited information before her, it was proper for the Magistrate Judge to conduct a colloquy with both parties regarding the need for the shareholder lists. Although the Magistrate Judge did not explicitly require Toshiba to make an advance showing of disproportionality, she asked Toshiba to explain why it believed the shareholder list was improper to pursue at the summary judgment phase. Under these circumstances, the court cannot conclude that the Magistrate Judge's burden allocation was contrary to law.

Moreover, although the Magistrate Judge did not explicitly address each proportionality factor, the hearing transcript suggests that she placed controlling weight on "the importance of the discovery in resolving the issues"—one of many

4

considerations identified by Rule 26(b)(1) for determining proportionality.  See Fed. R. Civ. P. 26(b).  Her determination was not clearly erroneous or contrary to law.  See, e.g, Estate of Najera-Aguirre v. Cnty. of Riverside, No. ED CV 18-762-DMG (SPx), 2019 WL 6898944, at *4 (C.D. Cal. Aug. 2019) ("The record contained evidence on which the Magistrate Judge could rationally find that the discovery had limited 'importance … in resolving the issues.'") (citations omitted).

Additionally, Plaintiffs' objection that the Magistrate Judge failed to consider whether the discovery was unreasonably cumulative and duplicative is unavailing.  The Magistrate Judge's ruling was based exclusively on proportionality grounds.  There is no indication that her decision was in any way based upon a conclusion that the discovery sought is "unreasonably cumulative and duplicative."

Finally, Plaintiffs' objection that the Magistrate Judge failed to consider the relevance or need of other documents responsive to RFP No. 28 does not leave this Court with a "definite and firm conviction that a mistake has been committed.'"  Concrete Pipe & Prods., 508 U.S. at 623.  The Magistrate Judge's reasoning for denying Plaintiffs' motion to compel the production of Toshiba's shareholder registry list is equally applicable to other documents identifying Toshiba's registered shareholders.

Because Plaintiffs identify no instance of legal or factual error committed by the Magistrate Judge, the court DENIES Plaintiffs' Motion for Review.

**IT IS SO ORDERED.**

Dated: July 29, 2022

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

5