O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK STOYAS, NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND, and AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, individually and on behalf of all others similarly situated, a Japanese Corporation<br><br>   Plaintiffs,<br><br>   v.<br><br>TOSHIBA CORPORATION, a Japanese Corporation,<br><br>   Defendants. | Case No. 2:15-cv-04194 DDP-JC<br><br>**ORDER DENYING PLAINTIFFS' MOTION [220] TO EXCLUDE** |

1    Presently before the court is Plaintiff's Motion to Exclude the Expert Opinions of
2 Masao Yanaga and Hidefusa Iida. Dkt. 173. Having considered the parties' submissions,
3 the court DENIES the motion and adopts the following order.

**I. BACKGROUND**

Automotive Industries Pension Trust Fund and New England Teamsters & Trucking Industry Pension Fund ("Plaintiffs") bring this Motion to Exclude the Expert Opinions of Masao Yanaga and Hidefusa Iida in connection with Toshiba Corporation ("Defendant")'s pending Motion for Summary Judgment. The facts of this action have been set forth in previous orders. *See* Dkt. 65, 79, 148.

Previously, Defendant opposed Plaintiffs' Motion for Class Certification on several bases, including that Plaintiffs (1) lacked standing, and (2) excluded potentially valuable claims of putative class members who would not have purchased securities but for Defendant's alleged misrepresentations. Defendants included in their Opposition the declarations of Iida and Yanaga. The court ordered further briefing on the matter at the summary judgment stage. Dkt. 147. In particular, the court ordered both parties to address:

1) whether Plaintiffs have statutory standing to bring claims under the Financial Instruments & Exchange Act of Japan ("JFIEA"); and
2) whether any of the proposed class members' claims under the JFIEA require a showing of damages based on the acquisition of shares.

Dkt. 147.

In support of the ensuing motion for summary judgment, Defendant resubmitted the above-mentioned declarations of Iida and Yanaga, which were originally submitted to oppose class certification. Dkt. 151. Plaintiffs then moved to exclude the declarations of both experts under the arguments discussed below. Dkt. 222.

2

## II. LEGAL STANDARD

Under Rule 44.1, courts may consider any relevant material or source that may aid them in determining foreign law. Fed. R. Civ. P. 44.1. A determination of foreign law based on Rule 44.1 is treated as a ruling on a question of law, and the materials considered need not be otherwise admissible under the Federal Rules of Evidence. Accordingly, experts considered under Rule 44.1 need not meet the standards of in Federal Rule of Evidence 702, as applied in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). *See Schultz v. Royal Caribbean Cruises, Ltd.*, No. 18-24023-CIV, 2020 WL 3035234, at *4 (S.D. Fla. June 5, 2020).

## III. DISCUSSION

Plaintiffs argue that Iida and Yanaga's declarations "run afoul of Rule 44.1" because they are not relevant, not supported, not reliable, and improperly opine on ultimate facts. Mot. at 2, 10, 15.

### A. Payment

As a threshold matter applying to both Yanaga and Iida, Plaintiffs argue that Defendant improperly paid Yanaga and Iida after they wrote their declarations. Plaintiff reasons that "[t]his payment structure creates an undue and direct incentive to align the expert's views with Toshiba's." Mot. at 19. The court does not weigh in on whether the payment structure impacts the witnesses' credibility, because the Rule 44.1 standard does not require such an inquiry. Thus, Plaintiffs argument that the payment structure "calls into question the reliability" of Yanaga and Iida's declarations, even if correct, does not mandate their exclusion under Rule 44.1. The reliability of Iida's declaration is further discussed *infra* section III.C.

### B. Yanaga's Credibility and Relevance

Regarding Yanaga specifically, Plaintiffs first argue that Yanaga's testimony should be excluded because Yanaga plagiarized part of one of the textbooks that was included in the list of publications affixed to Yanaga's declaration. Yanaga's publisher

3

received a copyright infringement claim for pages 866 to 872 of the JFIEA penalties section of the textbook in question. The publisher suspended sale of the textbook and apologized "for causing some parts [of the book] to infringe on someone else's copyright." Exhibit 7 to Radcliffe Declaration. Defendants argue that the "copyright issue was unintentional" and supply a new declaration of Yanaga explaining the circumstances of the violation. Opp. At 7; Yanaga Declaration of October 13, 2022 at ¶4.

The court declines to weigh in on whether Yanaga willfully plagiarized seven pages of the textbook in question. The purportedly infringed pages do not factor into Yanaga's declaration except for their inclusion in his list of publications. Even if Yanaga's credibility was diminished by the copyright issue, the court would still be entitled to refer to his declaration to aid its determination of foreign law.

Plaintiffs next argue that Yanaga's opinion does not address the legal question the Court granted leave to be addressed judgment. Rule 44.1 does not require so narrow a tailoring; it only requires that Yanaga's opinion "may aid" the Court in determining foreign law. Fed. R. Civ. P. 44.1. Thus, Yanaga's opinion is relevant and the court need not exclude it.

C.  **Iida's Reliability**

Plaintiffs argue that Iida's opinion lacks proper support and is unreliable, because (1) it is based on Iida's subjective interpretation; (2) it contains a misstatement about the Book-Entry Transfer Institution; (3) it does not utilize a relevant Japanese Supreme Court case (*Livedoor*); (4) it is based on the assumption of a validly existing trust; (5) it improperly opines on ultimate facts; and. Although the first four issues may affect the weight to which the Court afford Iida's conclusions on certain matters, none of them discredit him so thoroughly as to "run afoul of Rule 44.1." As to its opinion on ultimate facts, that limitation does not apply to Rule 44.1 evidence, which does not need to pass through the standards of Federal Rule of Evidence 702. Thus, the court need not exclude Iida's opinion.

4

**IV. CONCLUSION**

    For the reasons stated above, Plaintiffs' Motion to Exclude is DENIED.

**IT IS SO ORDERED.**

Dated: November 17, 2022

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE