FILED

AUG 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUTOMOTIVE INDUSTRIES PENSION TRUST FUND; NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND,

Plaintiffs - Appellants,

v.

TOSHIBA CORPORATION,

Defendant - Appellee.

No. 24-3888

D.C. No.
2:15-cv-04194-DDP-JC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted July 14, 2025
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

Plaintiffs Automotive Industries Pension Trust Fund ("AIPTF") and New England Teamsters & Trucking Industry Pension Fund ("Teamsters") appeal the district court's order granting summary judgment and a motion for reconsideration

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

in favor of Toshiba Corporation ("Toshiba"). The district court dismissed Plaintiffs' Securities and Exchange Act of 1934 ("Exchange Act") claims against Toshiba because they were based on a foreign transaction. It also dismissed the Teamsters' Financial Instruments & Exchange Act of Japan ("JFIEA") claims because Teamsters is an unregistered shareholder, and, therefore, lacks standing under the JFIEA. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly granted summary judgment to Toshiba on the Exchange Act claims because there were no genuine issues of material fact as to the foreign nature of the Toshiba stock acquisition. The Exchange Act does not apply extraterritorially, meaning it only applies to domestic transactions. *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 267, 273 (2010). To determine whether a transaction was domestic or foreign, we look to the location where a purchaser incurred irrevocable liability to take and pay for a security. *Stoyas v. Toshiba Corp.*, 896 F.3d 933, 949 (9th Cir. 2018) (*Stoyas I*). This is a factually driven inquiry. We look to "contract formation, placement of purchase orders, passing of title, and the exchange of money." *Id.*

Here, the district court correctly concluded AIPTF's Exchange Act claims were based on a foreign transaction. The factual aspects of the purchase of Toshiba stock and the conversion of the shares into American Depository Receipts ("ADRs") were undisputed. Toshiba, incorporated and headquartered in Japan,

trades its stock only in Japan, on Japanese exchanges. AIPTF delegated investment management decisions to ClearBridge Investments, LLC, which, on March 20, 2015, placed a market order[1] for 71,100 Toshiba ADRs, 36,000 of which were for AIPTF, with its brokerage firm, Barclays Capital Inc. Barclays, which acted as a riskless principal[2], executed the purchase of common stock in Japan for later conversion to ADRs on behalf of ClearBridge/AIPTF. After the purchase, on March 23, 2015, Barclays messaged ClearBridge to relay that it had acquired the stock necessary to fill AIPTF's ADR order and the price of the ADRs. ClearBridge agreed to the price, and Barclays responded that it was filling the ADR ticket. Thus, there were two transactions: the stock purchase, which occurred in Japan, and the conversion of the stock into ADRs, which occurred domestically.

The district court correctly concluded that AIPTF became irrevocably liable for the ADRs when Barclays executed the market order for the Toshiba shares. By March 23, when Barclays confirmed the costs for filling the ADR order, Barclays had already purchased the shares. The district court correctly concluded that because Barclays was a riskless principal it was "substantively operating as [AIPTF's] agent." And, "[b]ecause the liability-triggering purchase of stock undisputedly took place in Japan," the stock purchase underlying Plaintiffs' claims,

[1] A "market order" is an "order to buy or sell a stock at the best available price."
[2] A "riskless principal" is "riskless" because knowing that it can sell the security at an already agreed-upon price, it incurs none of the risks of ownership.

was a foreign transaction not subject to the Exchange Act. Contrary to Plaintiffs' argument, the later conversion of the shares to ADR certificates domestically is irrelevant to the analysis. In so concluding, the district court properly applied the legal principles we set forth in *Stoyas I* at the summary judgment stage.[3]

2. Because the district court did not err by concluding that the ADRs were obtained in a foreign transaction when granting summary judgment, the district court did not abuse its discretion in denying class certification on the same ground.

3. Separately, the district court correctly concluded that Teamsters lacked standing to pursue its claims under Article 21-2 of the JFIEA, which provides that company officers who make false statements in securities registration documents shall pay damages to the "persons that acquire securities." Teamsters is the beneficial owner[4] of 343,000 shares of Toshiba common stock, which it purchased on the Tokyo and Nagoya stock exchanges in Japan. Its custodian, State Street Bank and Trust, holds the shares in State Street's own name in a custodial account in Japan. Teamsters is not listed in the book-entry registry as a shareholder of Toshiba stock.

---

[3] *Stoyas I* was decided on appeal from the grant of Toshiba's motion to dismiss, before any discovery as to the relevant transactions occurred.
[4] A "beneficial owner" is an entity that enjoys the benefits of ownership of an asset, which is held on its behalf by a custodian or broker.

The district court did not abuse its discretion by granting Toshiba's motion to reconsider its interpretation of the phrase "persons that acquire securities" based on a newly-issued decision by the Tokyo District Court interpreting the phrase to exclude unregistered shareholders. Rule 54(b) authorizes a district court to modify an order denying summary judgment "any time" before final judgment. Fed. R. Civ. P. 54(b). When the district court first interpreted Article 21-2 of the JFIEA to include unregistered shareholders, no Japanese court had addressed whether "a person that acquires" a security could refer to an unregistered shareholder. The district court did not need to "wait to be reversed on appeal" when it "realize[d] [its] earlier [interpretation] was mistaken." *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014) (en banc).

Further, the district court correctly held that the JFIEA categorically excludes all unregistered shareholders and properly granted summary judgment for Toshiba. "[T]he 'process of ascertaining foreign law' will be 'equivalent to the process for determining domestic law, insofar as possible.'" *G & G Prods LLC v. Rusic*, 902 F.3d 940, 948 (9th Cir. 2018) (quoting *de Fontbrune v. Wofsy*, 838 F.3d 992, 997 (9th Cir. 2016)).

The Tokyo District Court offers a persuasive reading of the JFIEA. Using its knowledge of the statutory scheme, the Tokyo District Court reasoned that "a person that acquires" a security is someone whose ownership interest is registered

subject to the Book-End Transfer Act. This interpretation also comports with the plain meaning of the translated words from the JFIEA.[5]

**AFFIRMED.**

[5] On July 28, 2025, Toshiba filed a letter pursuant to Fed. R. App. P. 28(j) notifying us of a second decision of a different three-judge panel of the Tokyo District Court dated July 17, 2025, in which that court also held that the phrase 'persons that acquire securities' under Article 21-2 of the JFIEA is properly construed to include only registered shareholders.